IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID C. TURNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 02-1140 |
| vs. | ) | |
| | ) | |
| ROBERT M. HUSTON, EARL HELM and | ) | |
| JOHN SHALLENBERGER | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE

NOW COMES Stewart J. Umholtz, State's Attorney of Tazewell County, through

Michael P. Holly, Assistant State's Attorney, representing the Defendants in this matter, and

submits this memorandum of law in support of the Motion to Dismiss. The Defendants state as

follows:

I.      Motion to Dismiss

    A.      Plaintiff's claims for declaratory and injunctive relief

        Plaintiff has requested various forms of declaratory and injunctive relief in the

Plaintiff's Complaint, all of which should be dismissed as moot. Plaintiff's pleadings show that

he is incarcerated at Hill Correctional Center in Galesburg, Illinois. Plaintiff's Notice of Filing at

the inception of this case showed that he was incarcerated at Pinckneyville Correctional Center

in Pinckneyville, Illinois. Plaintiff's claims attempt to allege incidents that occurred in the

Tazewell County Jail in Pekin, Illinois. Since Plaintiff is no longer a detainee at the Tazewell

County Jail, he would have to demonstrate that he is likely to return to the custody of the

Tazewell County Jail to avoid dismissal of the requested declaratory judgment and injunctive relief claims. *Higgason v. Farley*, 83 F.3d 807, 811 (1995). Plaintiff has not demonstrated this likelihood of a return to Tazewell County Jail custody so his claims for declaratory and injunctive relief should be dismissed for mootness.

B.   Plaintiff's claims for compensatory damages

Plaintiff has requested compensatory damages in the Plaintiff's Complaint but fails to allege any physical injury. Under 42 U.S.C. §1997e(e), prisoners must allege physical injury to bring claims for mental or emotional injury. Plaintiff fails to allege any physical injury due to the actions of Defendants. Therefore, Plaintiff has given no other basis for determining his claimed compensatory damages, the only logical basis for compensation would be mental or emotional injury, which means that Plaintiff's claim for compensatory damages must be dismissed under 42 U.S.C. §1997e(e).

C.   Plaintiff's claims for punitive damages

To the extent that Plaintiff alleges that he was injured by the policies of the Sheriff and the Jail Superintendent, he appears to be alleging a suit against Defendants in their official capacities. Suits against officials in their official capacities are, in effect, suits against the local governmental body served by those officials. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Punitive damages may not be recovered in suits against a local government. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Accordingly, to the extent that this suit is brought against Defendants in their official capacities, the claim for punitive damages must be dismissed.

D.      Plaintiff's claims against Robert Huston

Each of Plaintiff's remaining four claims include an allegation that Robert Huston is responsible for injuries to the Plaintiff, but none of the claims include any specific conduct by Robert Huston. The doctrine of respondeat superior does not apply in Section 1983 suits, so Plaintiff would have to allege personal acts of Robert Huston to establish liability on his part. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). Additionally, to the extent that punitive damages are requested from Robert Huston, the claims must be dismissed because Plaintiff has not alleged any facts showing "evil motive" or "reckless or callous indifference to the federally protected rights of others" as required under *Smith v. Wade*, 461 U.S. 30, 56 (1983), for punitive damages to be available.

E.      Plaintiff's Claim 1

Plaintiff alleges that he was denied his subscription to US WEEKLY Magazine by two of the Defendants, Earl Helm and Robert Huston, in violation of his first amendment rights. Plaintiff further states that the magazine was not allowed because the staples in the magazine are used by inmates to make tattoos. Plaintiff attached a copy of the Inmate Rules, Regulations and Information which stated that the Pekin Public Library provides all books which are available on all floors of the jail. No books will be allowed to be brought into the jail (Inmate Rules, Regulations, and Information, Paragraph E). Prisons may regulate inmate speech so long as the regulations are reasonably related to legitimate penological interests such as crime deterrence, rehabilitation, and institutional security. *Thornburgh v. Abbott*, 490 U.S. 401, 413,

109 S.Ct. 1874, 1881 (1989). Plaintiff does not allege that no reading material was available, and states in his affidavit that the books that are available come from the Pekin Public Library and consist, in part, of novels, mystery, horror and westerns. Defendants submit that the restriction on magazines was reasonably related to the legitimate interest of institutional security and did not rise to the level of a constitutional violation and, therefore, this claim must be dismissed.

F. Plaintiff's Claim 2

Plaintiff alleges that he was denied adequate heat by two of the Defendants, Earl Helm and Robert Huston, in violation of the Fourteenth Amendment. Plaintiff attached a Response to Freedom of Information Request stating that there is no policy for a maintenance schedule in the jail for heat (Tazewell County Policies attachment). Plaintiff further states that the Defendant Earl Helm stated he had nothing to do with the control of the heat and that Courthouse maintenance controls the heat (Amended Complaint, Claim 2). In addition, Plaintiff, by his own admission, states that there was heat on the first floor of the jail. Defendants submit that the heat was not within the control of the Defendants and, therefore, these Defendants are not the proper parties to this claim. Defendants alternatively submit that these allegations do not rise to the level of a violation of either the Eighth or Fourteenth Amendments. Plaintiff does not state that he suffered any harm as a result of the allegations of no heat. Therefore, Plaintiff has not sufficiently alleged a claim of cruel and unusual punishment under the Eighth Amendment. *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Further, these allegations do not constitute a violation of the Fourteenth Amendment in that Plaintiff does not allege that inadequate heat was intended as punishment, and thus does not rise to the level of a constitutional violation. *Id.*

G. Plaintiff's Claim 3

Plaintiff alleges he was denied his Fourteenth Amendment right to due process when he was placed on lockdown status on four occasions for disciplinary reasons (Amended Complaint Claim 3). Plaintiff further states that the first incident involved a correctional officer overhearing a threat to hit an officer in the head with a broomstick (Amended Complaint, Claim 3). The third incident involved Plaintiff, by his own admission, swearing at an officer in order to be placed back into segregation (Affidavit, Page 2). The fourth incident involved Plaintiff not wanting to watch television and wanting to listen to the radio instead. Plaintiff never claims that his alleged conduct that led to the lockdown status did not take place.

The Due Process Clause does not create a right for prisoners to leave their cells and not be subjected to lockdowns. *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996). Prisoners do not have a liberty interest in remaining in any section of a prison. *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir. 1988). Prison officials have a right to preserve internal order and discipline, even in the case of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 540, 60 L.Ed.2d 447, 469, 99 S.Ct. 1861 (1979). To the extent that Plaintiff is raising a procedural due process claim (Amended Complaint, Claim 3), it must be dismissed because no conceivably protected right was being taken from Plaintiff. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995).

H. Plaintiff's Claim 4

Plaintiff alleges he was denied his phone rights by the Defendants, Earl Helm and Robert Huston, which violated his constitutional rights (Amended Complaint, Claim 4). Plaintiff, however, states in his Memorandum of Law that, even though it has been determined that

convicted prisoners have no absolute right to make telephone calls at all, complete denial of telephones to pre-trial detainees may not take place unless required by security reasons or as a means of enforcing discipline. Plaintiff further states that the only time the phones were turned off was when a disciplinary action was given or an inmate was placed into segregation (Memorandum of Law, Page 5). Plaintiff also attaches a copy of Inmate Rules, Regulations and Information stating that, "upon booking, each inmate will be allowed a reasonable number of phone calls…" (Inmate Rules, Regulations and Information, Paragraph G). No where does the Plaintiff state specific dates or times he was denied access to the telephone or allege that he suffered any harm or injury as a result of restricted phone usage. The First Amendment's protection of communications is not without restriction. An inmate has no right to unlimited telephone use. Instead, the exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions. *Carter v. O'Sullivan*, 924 F.Supp. 903, 909 (United States District Court, C.D. Illinois, 1996). Denial of telephone access might be questionable on other grounds but to suppose that would infringe the First Amendment would be "doctrinaire in the extreme." *Arsberry v. Illinois*, 244 F.3d 558, 564 (7th Cir. 2001). Defendants would submit that any telephone restrictions which may have been placed on Plaintiff while in segregation were as a result of disciplinary action necessary to ensure security in the jail and do not rise to the level of a constitutional violation. This claim, must, therefore be dismissed.


Respectfully submitted,

Robert M. Huston
        Tazewell County Sheriff

Earl Helm
        Tazewell County Jail Superintendent

John Shallenberger
        Tazewell County Correctional Center


BY:    <u>s/ Michael P. Holly</u>
        Michael P. Holly
        Assistant State's Attorney
        Office of the Tazewell County State's Attorney
        342 Court Street, Suite 6
        Tazewell County Courthouse
        Pekin, IL 61554
        309-477-2205

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2005, I electronically filed the foregoing with the Clerk of the Court and I hereby certify that I have mailed by the United States Postal Service the document to the following non CM/ECF participants:

DAVID CURTIS TURNER
INMATE # B75164
P.O. BOX 1700
GALESBURG, IL 61401

s/Michael P. Holly
Michael P. Holly
Assistant State's Attorney
Attorney for Defendant Tazewell County
Tazewell County State's Attorney's Office
342 Court Street, Suite 6
Pekin, IL 61554
Phone: 309-477-2205
Fax: 309-477-2399
E-mail: mholly@tazewell.com