UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVID C. TURNER,
    Plaintiff,

vs.                                          02-1140

ROBERT M. HUSTON, EARL HELM and )
JOHN SHALLENBERGER,
    Defendants.

## OPINION

Before the court are the Defendants' motion to dismiss [59] and the Plaintiff's response [67].

## Standard

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

## Allegations and Discussion

The Plaintiff has requested various forms of declaratory and injunctive relief in his complaint [18], all of which must be dismissed as moot. The Plaintiff's pleadings show that he is currently incarcerated at Hill Correctional Center in Galesburg, Illinois. The Plaintiff's notice of filing at the inception of this case showed that he was incarcerated at Pinckneyville Correctional Center in Pinckneyville, Illinois. Plaintiff's alleges incidents that occurred in the Tazewell County Jail in Pekin, Illinois. Since Plaintiff is no longer a detainee at the Tazewell County Jail, he would have to demonstrate that he is likely to return to the custody of the Tazewell County Jail to avoid dismissal of the requested declaratory judgment and injunctive relief claims. *Higgason v. Farley*, 83 F.3d 807, 811 (1995). In response, Plaintiff argues that he

has filed a petition for post-conviction relief, which, in the event is granted Plaintiff would be remanded back to the Tazewell County Jail. Filing a post-conviction relief is not sufficient. Plaintiff has not demonstrated this likelihood of a return to Tazewell County Jail custody so his claims for declaratory and injunctive relief are dismissed for mootness.

Further, Plaintiff has requested compensatory damages in his complaint, but he fails to allege any physical injury. Under 42 U.S.C. §1997e(e), prisoners must allege physical injury to bring claims for mental or emotional injury. Plaintiff fails to allege any physical injury due to the actions of Defendants. Therefore, Plaintiff has given no other basis for determining his claimed compensatory damages, the only logical basis for compensation would be mental or emotional injury, which means that Plaintiff's claim for compensatory damages must be dismissed under 42 U.S.C. §1997e(e).

To the extent that Plaintiff alleges that he was injured by the policies of the Sheriff and the Jail Superintendent, he appears to be alleging a suit against Defendants in their official capacities. Suits against officials in their official capacities are, in effect, suits against the local governmental body served by those officials. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Punitive damages may not be recovered in suits against a local government. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Therefore, to the extent that Plaintiff's lawsuit is brought against Defendants in their official capacities, the claim for punitive damages is dismissed.

Each of Plaintiff's remaining four claims include an allegation that Robert Huston is responsible for injuries to the Plaintiff, but none of the claims include any specific conduct by Robert Huston. The doctrine of respondeat superior does not apply in Section 1983 suits, so Plaintiff would have to allege personal acts of Robert Huston to establish liability on his part. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). To the extent that punitive damages are requested from Robert Huston, the claims must be dismissed because Plaintiff has not alleged any facts showing "evil motive" or "reckless or callous indifference to the federally protected rights of others" as required under *Smith v. Wade*, 461 U.S. 30, 56 (1983), for punitive damages to be available.

Plaintiff alleges that he was denied his subscription to US WEEKLY Magazine by two of the Defendants, Earl Helm and Robert Huston, in violation of his first amendment rights. Plaintiff further states that the magazine was not allowed because the staples in the magazine are used by inmates to make tattoos. Plaintiff attached to his complaint, a copy of the Inmate Rules, Regulations and Information which stated that the Pekin Public Library provides all books which are available on all floors of the jail and that no books will be allowed to be brought into the jail (Inmate Rules, Regulations, and Information, Paragraph E). Prisons may regulate inmate speech so long as the regulations are reasonably related to legitimate penological interests such as crime deterrence, rehabilitation, and institutional security. *Thornburgh v. Abbott*, 490 U.S. 401, 413, 109 S.Ct. 1874, 1881 (1989). Plaintiff does not allege that no reading material was available, and states in his affidavit that the books that are available come from the Pekin Public Library and consist, in part, of novels, mystery, horror and westerns. Defendants assert that the restriction on magazines was reasonably related to the legitimate interest of institutional security and did not rise

to the level of a constitutional violation and, therefore, this claim must be dismissed. The court agrees with Defendants.

Plaintiff alleges that he was denied adequate heat by two of the Defendants, Earl Helm and Robert Huston, in violation of the Fourteenth Amendment. Plaintiff attached a Response to Freedom of Information Request stating that there is no policy for a maintenance schedule in the jail for heat (Tazewell County Policies attachment). Plaintiff further states that the Defendant Earl Helm stated he had nothing to do with the control of the heat and that Courthouse maintenance controls the heat (Amended Complaint, Claim 2). In addition, Plaintiff, by his own admission, states that there was heat on the first floor of the jail. Defendants assert that the heat was not within the control of the Defendants and, therefore, these Defendants are not the proper parties to this claim. Defendants alternatively assert that these allegations do not rise to the level of a violation of either the Eighth or Fourteenth Amendments. Plaintiff does not state that he suffered any harm as a result of the allegations of no heat. Therefore, Plaintiff has not sufficiently alleged a claim of cruel and unusual punishment under the Eighth Amendment. *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Further, these allegations do not constitute a violation of the Fourteenth Amendment in that Plaintiff does not allege that inadequate heat was intended as punishment, and thus does not rise to the level of a constitutional violation. *Id.* This claim, is dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Plaintiff alleges he was denied his Fourteenth Amendment right to due process when he was placed on lockdown status on four occasions for disciplinary reasons (Amended Complaint Claim 3). Plaintiff further states that the first incident involved a correctional officer overhearing a threat to hit an officer in the head with a broomstick (Amended Complaint, Claim 3). The third incident involved Plaintiff, by his own admission, swearing at an officer in order to be placed back into segregation (Affidavit, Page 2). The fourth incident involved Plaintiff not wanting to watch television and wanting to listen to the radio instead. Plaintiff never claims that his alleged conduct that led to the lockdown status did not take place. The Due Process Clause does not create a right for prisoners to leave their cells and not be subjected to lockdowns. *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996). Prisoners do not have a liberty interest in remaining in any section of a prison. *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir. 1988). Further, prison officials have a right to preserve internal order and discipline, even in the case of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 540, 60 L.Ed.2d 447, 469, 99 S.Ct. 1861 (1979). To the extent that Plaintiff is raising a procedural due process claim (Amended Complaint, Claim 3), it is dismissed because no conceivably protected right was taken from Plaintiff. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995). This claim, is dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Plaintiff alleges he was denied his phone rights by the Defendants, Earl Helm and Robert Huston, which violated his constitutional rights (Amended Complaint, Claim 4). Plaintiff, however, states (Memorandum of Law) that, even though it has been determined that convicted prisoners have no absolute right to make telephone calls at all, complete denial of telephones to pre-trial detainees may not take place unless required by security reasons or as a means of enforcing discipline. Plaintiff further states that the only time the phones were turned off was

when a disciplinary action was given or an inmate was placed into segregation (Memorandum of Law, Page 5).  Plaintiff also attaches a copy of Inmate Rules, Regulations and Information stating that, "upon booking, each inmate will be allowed a reasonable number of phone calls…" (Inmate Rules, Regulations and Information, Paragraph G).  No where does the Plaintiff state specific dates or times he was denied access to the telephone or allege that he suffered any harm or injury as a result of restricted phone usage.  The First Amendment's protection of communications is not without restriction.  An inmate has no right to unlimited telephone use.  Instead, the exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions.  *Carter v. O'Sullivan*, 924 F.Supp. 903, 909 (United States District Court, C.D. Illinois, 1996).  Denial of telephone access might be questionable on other grounds but to suppose that would infringe the First Amendment would be "doctrinaire in the extreme." *Arsberry v. Illinois*, 244 F.3d 558, 564 (7th Cir. 2001).  Further Defendants assert that any telephone restrictions which may have been placed on Plaintiff while in segregation were as a result of disciplinary action necessary to ensure security in the jail and do not rise to the level of a constitutional violation.  This claim, is dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**Based on the foregoing,**

1. **Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6), the defendants' motion to dismiss [59] is granted.  The plaintiff's lawsuit is dismissed in its entirety.**
2. **The parties are to bear their own costs.**
3. **Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**
4. **If the plaintiff wishes to appeal this dismissal and any other rulings made by this court in this lawsuit, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

**Enter this   15th   day of March 2007.**

                                  s\Harold A. Baker
                           _____
                                  **Harold A. Baker
                               United States District Judge**